574 P.2d 1289

**In the Matter of a Member of the State Bar of Arizona, Donald F. WATSON, Respondent.**

No. SB–76–2.

Supreme Court of Arizona, In Banc.

Oct. 24, 1977.

Rad L. Vucichevich, Phoenix, State Bar Counsel.

Lester J. Hayt, Sun City, for respondent.

GORDON, Justice:

This is an original proceeding for disciplinary action against Attorney Donald F. Watson. The Board of Governors of the State Bar of Arizona has recommended to this Court, pursuant to Rule 36(d), Rules of the Supreme Court, that respondent be suspended from the practice of law for a period of one year based upon its Findings and Recommendations dated May 1, 1976. Re-

spondent does not question the findings of fact, but he does question whether the recommended one year suspension is appropriate.

Respondent practiced law in Phoenix, Scottsdale, and Sedona, Arizona. Being a sole practitioner, his commuting between these cities seriously hampered his ability to "cover all bases". This problem was enhanced because he did not always have a full time secretary, nor did he take advantage of any time saving devices such as dictating machines. Instead, he wrote all his pleadings and letters in longhand, some would later be transcribed by a secretary while others would be mailed in longhand. As a result of the foregoing situation, personal problems, and because of a large caseload, respondent fell behind in his work to the detriment of his clients.

On September 16, 1975 we suspended respondent for one year from the practice of law primarily because of inattention to his client's matters. Although the incidents which led to his previous suspension occurred during the same time period as is now under consideration, the matters herein discussed concern separate matters.

Five of six counts center about the neglect of a legal matter entrusted to respondent, a violation of DR 6–101(A)(3), Code of Professional Responsibility, Rule 29(a) Rules of the Supreme Court, 17A A.R.S.

The first two counts concern estates which respondent represented. He simply failed to respond to letters from an heir of one of the estates requesting a copy of the will. Similarly, he failed to respond to various inquiries concerning the second estate. Although he was appointed personal representative in September 1970, he failed to distribute the proceeds of the second estate which amounted to approximately $3,450.

Counts four and six also concern the handling of estates. Respondent was appointed personal representative of one, but failed to have the body cremated and the ashes sent to Romania in accord with his directions. There was never an annual accounting, and the will he sent to the heirs

in Romania differed slightly from the one entered in probate. Count six was, perhaps, the most serious violation. In handling the estate, respondent withdrew $10,469.79 without a prior court order and had not even petitioned for attorney's fees. Additionally, he failed to file a federal estate tax return which caused a loss to the estate of $8,013.87.

Count five, although not an estate matter also concerns respondent's failure to respond to letters from a client. In this instance, the client's letters pointed out certain discrepancies in a revocable trust and a will which respondent had drafted. These were never answered.

Finally, count three centered about a land transaction. A client had sought respondent's advice on a proposed land purchase. Respondent explained, "to justify her involvement in it, she wanted me to show enough faith in it, that I would put in $5,500, which I didn't have. So, she loaned me the $5,550. She took a piece of the action, and she has a one-eighth interest just like I do." Respondent failed to repay the loan.

As noted at the outset, respondent agrees his conduct was violative of the Code of Professional Responsibility. Based on our independent review of the record, we also agree with the findings of the Board of Governors and their recommended suspension.

■ Suspension is not meted out as punishment, rather it is intended to protect the public. *Matter of Lurie,* 113 Ariz. 95, 546 P.2d 1126 (1976). The violations discussed herein all took place during the same period of time for which respondent has already been suspended for a year. Respondent had practiced law for approximately twenty years prior to these incidents without any other violations. Additionally, these incidents occurred during a period of intense personal difficulties which took additional time away from his practice of law. In light of the testimony presented at the hearings concerning respondent's character and the personal difficulties which were, in part, a cause of these violations, we feel a one year additional suspension will serve the interests of the bar and the public in this matter. Since respondent has not applied for reinstatement since his original suspension in 1975, the additional year herein prescribed shall run from October 15, 1976. It is our belief that respondent will not trespass upon the Code of Professional Responsibility if he chooses to again serve the public through the practice of law.

■ It is ordered that respondent Donald F. Watson is suspended from the practice of law in Arizona for a period of one year, commencing October 15, 1976. It is also ordered, that the costs incurred by the State Bar in prosecuting this matter, $203.80, are hereby assessed against respondent. Further ordered that respondent shall comply with the provisions of Rule 37(h), Rules of the Supreme Court.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.