596 P.2d 29

**In the Matter of a Member of the State Bar of Arizona, Charles F. STOUT, Respondent.**

No. SB–159.

Supreme Court of Arizona,
In Banc.

May 30, 1979.

Carol Wilson, Tucson, for State Bar.

Stanley G. Feldman, John L. Tully, Tucson, for respondent.

STRUCKMEYER, Vice Chief Justice.

This is an original proceeding for disciplinary action against Charles F. Stout, a member of the State Bar of Arizona.

Stout was charged with eighteen violations of the Code of Professional Responsibility, including allegations that he allowed a default judgment to be taken against a client while representing to her that he was negotiating a settlement, that he allowed the statute of limitations to run in a personal injury case which he had been employed to handle, and that he neglected numerous probate matters to the damage of the estates.

The Local Administrative Committee made the following findings:

"The Committee finds that the Respondent Charles F. Stout has failed to maintain such special mental fitness as would have entitled him to admission to the State Bar in the first instance and has committed acts and omissions related to the practice of law indicating mental unfitness to continue the practice of law in accordance with the provisions of Rule 42(a)(3) and (4), Rules of the Supreme Court."

The testimony of Edward Meshorer, M.D., a specialist in psychiatry was to the effect that respondent's misconduct was a result of his incapacity to function as an attorney and that in his opinion respondent "should really never practice law."

Respondent does not contest the truth of the charges; he objects only to the recommendation of the State Bar Board of Governors for indefinite suspension. His position is that indefinite suspension is unwarranted

and unduly harsh in the light of the circumstances of the case. He argues that since he has already been suspended from the practice of law for nonpayment of his State Bar membership fees, this Court should merely impose "non-public censure, combined with an order that Respondent not be readmitted to the State Bar without first demonstrating a complete recovery from his mental illness."

We disagree with respondent's assertion that his proposed sanctions will adequately safeguard the public. Suspension for lack of mental fitness is not akin to suspension for failure to pay bar dues. A member of the bar may be reinstated within ten years of his suspension for failure to pay dues by remitting an amount "which the applicant would have been required to pay had he been an active member during the period of suspension" and after this Court reviews his moral fitness and his activities and employment during his suspension. Rule 40, Rules of the Supreme Court, 17A A.R.S. A member suspended for mental unfitness, however, must comply with the more stringent procedures for reinstatement as set forth in Rule 43. We conclude, therefore, that respondent should be indefinitely suspended pursuant to Rule 42.

We can be sympathetic with respondent's personal problems, but:

"* * * our duty lies in the assurance that the public will be protected in the performance of the high duties of the attorney rather than in an analysis of the reasons for his delinquency. Our primary concern must be the fulfillment of proper professional standards, whatever the unfortunate cause, emotional or otherwise, for the attorney's failure to do so." Grove v. State Bar of California, 66 Cal.2d 680, 685, 58 Cal.Rptr. 564, 567, 427 P.2d 164, 167 (1967).

We are also asked to make the discipline in this case "nonpublic." We think, however, that there is a public purpose to be satisfied here. Discipline is imposed not to punish the erring attorney, but to protect the public. See Matter of Watson, 118 Ariz. 70, 574 P.2d 1289 (1977);

Matter of Lurie, 113 Ariz. 95, 546 P.2d 1126 (1976). But in addition to the protection of the public, discipline is imposed "to deter other lawyers from the temptation to violate their ethics." In re Peterson, 108 Ariz. 255, 257, 495 P.2d 851, 853 (1972). We do not feel it is appropriate to establish as a precedent that an attorney, when faced with a formal complaint alleging numerous violations of the Code of Professional Responsibility, can escape public censure by urging his misconduct was the result of a mental condition. Not only does public censure operate as a deterrent against the misconduct of others, cf. In re Streater, 262 Minn. 538, 115 N.W.2d 729 (1962), but since the practice of law is a self-regulating profession, we deem it appropriate that the public be advised that the profession is acting to protect it from miscreants.

It is therefore ordered that respondent Charles F. Stout be indefinitely suspended from the practice of law in this state, commencing upon the issuance of the mandate herein. It is further ordered that respondent pay costs in the sum of $558.23.

CAMERON, C. J., and HAYS and HOLOHAN, JJ., concur.

GORDON, Justice (specially concurring):

I would agree with the Court that respondent should be indefinitely suspended from the practice of law in order to protect the public from the results of his mental condition, but I would have done so by an unpublished memorandum opinion. That type of decision of this Court is one of limited circulation. Publication of the opinion in the ordinary manner subjects respondent to unnecessary public humiliation and appears to have a punitive purpose. Although this may be appropriate in other types of attorney-misconduct cases, it has no place here, when the acts complained of were the result of personal shortcomings over which the respondent had no control.